The State v. Good.

---

THE STATE OF MISSOURI, Respondent, v. HENRY L. GOOD, Appellant.

Kansas City Court of Appeals, November 9, 1891.

Criminal Law : TRIAL : OTHER OFFENSES.  On the trial of an indictment for abandoning his wife, it is error to advise the jury that defendant had on a prior occasion been indicted for seduction under promise of marriage, etc.

*Appeal from the Cooper Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED AND REMANDED.

The State v. Good.

*John Cosgrove, J. H. Johnson* and *Draffen &
Williams,* for appellant.

(1) It has been expressly held, that testimony as
to a former prosecution of defendant for seduction of
the woman, whom he subsequently married, was inad-
missible, where defendant was upon trial for wife aban-
donment.    The admission of such evidence was declared
erroneous, and ground for reversal.    "It was a matter
wholly distinct from, and independent of, any connec-
tion with, the present charge."    Testimony relating to
a former prosecution for seduction was held not admis-
sible on any grounds.    *State v. Wonderly,* 17 Mo. App.
597.    (2) It was reversible error for the prosecuting
attorney in his opening statement to detail facts, that
were incompetent, and could not be proved on the trial.
His reference, over the objection of the defendant, and
without rebuke from the court, to the fact, that the
defendant had been indicted and tried for the seduction,
and that this case originated out of that, was prejudicial
error.    1 Thompson on Trials, secs. 263, 264, 266 ; Whar-
ton's Criminal Pleading & Practice [ 8 Ed.] sec. 560.

*E. D. Shackelford,* for respondent.

It devolved upon the state to show, not only that
the defendant had abandoned his wife, but that he had
done so without good cause.    In order to do this, it was
necessary and competent to inquire into all the circum-
stances connected with the abandonment.    If the
defendant married his wife to avoid the penalties of a
criminal seduction, and had it in his mind at the time
to abandon her afterward, and did afterward, within
seven weeks, abandon her, in accordance with the
intent he had at the time of the marriage, it would be
competent for the state to show it.    The case of *State v.
Wonderly,* 17 Mo. App. 597, relied upon by counsel for
the defendant, does not militate against this position.

In that case the court did not hold that, as a general rule, such evidence was incompetent; but, in that case, it had the exceptional effect of causing the jury to inflict an exorbitant punishment.

GILL, J.—Defendant was indicted for abandoning and failing, neglecting and refusing to support his wife and infant child. On a trial before jury he was convicted, and his punishment fixed at six months' imprisonment in the county jail and a fine of $500, as provided for in section 3501, Revised Statutes, 1889. The defendant appealed.

A review of this record forces us to conclude that defendant did not have that fair and impartial trial to which he is entitled under the law. In the course of the trial, and in the presence of the jury, the state was, over defendant's objections, allowed repeatedly to advise the jury that defendant had on a prior occasion been indicted for seduction under promise of marriage, etc. Such matter had nothing to do with the offense here charged, was foreign to the issues made, and its introduction only tended to prejudice the jury. Wharton's Crim. Pl. & Pr., sec. 560; 1 Thompson on Trials, secs. 263, etc.; *State v. Wonderly*, 17 Mo. App. 597.

Judgment reversed, and cause remanded. All concur.